UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH TIMOTHY HILSTON, <br><br> Plaintiff, <br><br> vs. <br><br> LINCOLN COUNTY CIRCUT JUDGES, in official capacity; and LINCOLN COUNTY SHERIFF, in official capacity; <br><br> Defendants. | 4:24-CV-04154-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Jeremiah Timothy Hilston, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Hilston also moves for leave to proceed in forma pauperis. Docket 3. The court issues the following order.

**I.     Motion for Leave to Proceed in Forma Pauperis**

At the time Hilston filed his motion to proceed in forma pauperis (IFP), he was an inmate at the Minnehaha County Jail. *See* Docket 1. But before the court ruled on Hilston's motion, he was released from custody. *See* Docket 3 at 1 (Hilston stating his anticipated release date is October 5, 2024); *see also* *Offender Search*, South Dakota Office of the Attorney General, *available at*

Offender Details, (last visited April 1, 2025) (listing Hilston's release date as October 5, 2024).[1]

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But circuit courts are split on whether the PLRA continues to apply after the prisoner is released during litigation. *See Carson v. Tulsa Police Dep't*, 266 F. App'x 763, 766-67 (10th Cir. 2008) (describing split in authority); *see also Domino v. Garland*, 2021 WL 1221188, at *1 (D. Minn. Apr. 1, 2021).

The Second, Fourth, and Sixth Circuits have held that, under the PLRA, "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated" and "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1139 (6th Cir. 1997); *see also McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996); *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2003). By contrast, the Fifth, Seventh, and D.C. Circuits hold, based on the plain language of § 1915(b)(1), that a complainant must pay the full amount of the filing fee if the complainant was a prisoner when the action was commenced. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241-42

---

[1] The court takes judicial notice of Hilston's release date based on its presence on the South Dakota Office of the Attorney General's website. *See Missourians for Fiscal Accountability v. Klahr*, 830 F.3d 789, 793 (8th Cir. 2016) (recognizing the court's authority to take judicial notice of government websites).

(5th Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897-99 (7th Cir. 1997); *In re Smith,* 114 F.3d 1247, 1251 (D.C. Cir. 1997).

The Eighth Circuit has not expressly weighed in on this issue but the court's holding in *Tyler* is instructive. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). There, the court denied plaintiff's motion to proceed IFP and refused to address the merits of the plaintiff's mandamus petition until the requisite financial obligations were met. *Id.* at 529-30. The court explained that because the plaintiff had previously filed three improper actions, he was no longer eligible for a § 1915(b) installment plan. *Id.* at 529; *see also* 28 U.S.C. § 1915(g) (stating that a prisoner is not eligible for a reduced filing fee or an installment payment plan "if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim"). As such, the court ordered the plaintiff to pay the filing fee in full, noting that "even if [plaintiff]'s petition is dismissed, [plaintiff] will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Tyler*, 110 F.3d at 529-30.

Based on this language, courts within the Eighth Circuit have held that if a prisoner filed the action while in custody, they remain liable for the filing free even if they are later released from custody. *See Domino*, 2021 WL 1221188, at *1 n.3 (stating that the "holding in *Tyler* that the fee obligation imposed by § 1915(b)(1) is triggered at the time the action is filed . . . is consistent with the conclusion that a complainant who filed an action when he was a prisoner

3

remains liable for the filing fee if he is subsequently released from custody");
*Counts v. Missouri*, 2025 WL 812276, at *3 (E.D. Mo. Mar. 13, 2025) (stating
that, in light of the Eighth Circuit's decision in *Tyler*, the 1983 plaintiff was
"responsible for the entire [filing] fee because the full fee was assessed against
him prior to his release from custody"); *McFee v. Minnesota*, 2012 WL 514708,
at *3 n.5-6 (D. Minn. Jan. 24, 2012), *report and recommendation adopted,* 2012
WL 512611 (D. Minn. Feb. 15, 2012) (recognizing that the plaintiff must pay
the filing fee, despite having been released from custody before the court ruled
on the motion for IFP); *Williams v. Doe #1*, 2006 WL 3804027, at *1 n.1 (E.D.
Mo. Nov. 7, 2006) (noting "§ 1915(b)(1) continue[d] to apply" despite litigant's
release). *But see Clark v. Wood*, 2021 WL 1873561, at *1 (E.D. Mo. May 10,
2021) (stating that if a plaintiff was released from custody before the court
ruled on the IFP motion, the court will consider the motion under the non-
prisoner standard in 28 U.S.C. § 1915(a)(1)).

The court finds that applying the PLRA to Hilston, though he has been
released from custody in the pendency of his motion to proceed IFP, best
adheres to the plain language of the PLRA and the Eighth Circuit's holding in
*Tyler*. Thus, because Hilston filed this action while he was in custody, he is
liable for the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, however, the court may accept partial payment of the
initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper
status, the only issue is whether the inmate pays the entire fee at the initiation
of the proceedings or over a period of time under an installment plan."

*Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Hilston's certified prisoner trust account report shows an average monthly deposit of $112.54 and an average monthly balance of $3.01. Docket 4 at 1. After review of Hilston's financial affidavit, Docket 3, and certified prisoner trust account report, Docket 4, the court finds that he has insufficient funds to pay the filing fee. The court also waives Hilston's initial partial filing fee because the initial partial filing fee would be greater than his current balance at the time of his filing the motion. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Hilston must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

5

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Hilston's institution. Hilston remains responsible for the entire $350 filing fee. *See Tyler*, 110 F.3d at 529-30.[2]

## II.     1915A Screening[3]

### A.     Factual Background

Hilston was sentenced to 90 days in custody by a judge in Lincoln County, South Dakota. *See* Docket 1 at 4-5; Docket 1-1 at 1-2. But during his custodial sentence, Hilston was housed at the Minnehaha County Jail. Docket 1 at 5; Docket 1-1 at 1. While in custody, Hilston requested to participate in the work program at the Minnehaha County Jail but was denied. Docket 1 at 5. The program, referred to as the sentence to serve or the day-for-day trustee

---

[2] "As a practical matter, because [Hilston] is no longer a prisoner as defined in 28 U.S.C. § 1915(h), the fee payment provisions of § 1915(b)(2) cannot be implemented at this time. Should [Hilston] be a prisoner in the future, § 1915(b)(2) might then become applicable." *Domino*, 2021 WL 1221188, at *2 n.4; *see also McFee*, 2012 WL 514708, at *3 n.6 (stating that because the plaintiff was released, the fee payment provisions under § 1915(b)(2) cannot be utilized, but noting that if the plaintiff ever returns to custody by violating his terms of release or committing a new crime, § 1915(b)(2) will then become applicable).

[3] Because Hilston filed this action while incarcerated, the court conducts this screening pursuant to § 1915A. *See Domino*, 2021 WL 1221188, at *1. But even if Hilston's petition was not subject to a § 1915A screening, the court's analysis would be the same under 28 U.S.C. § 1915(e). *See id.* at *1 n.2.

credit work, allows participants to reduce their sentence by one day for each day they complete work within the jail. *Id.* at 4 (Hilston explaining that if he had participated in the program, his sentence would have been reduced by 45 days); *see also* Docket 1-1 at 1 (Minnehaha County Sheriff referring to the name of the program). But only individuals who are serving sentences from Minnehaha County are eligible for the program. *See* Docket 1 at 5; Docket 1-1 at 1. Thus, Hilston was told that because he was sentenced by and serving a sentence for a Lincoln County conviction, he did not qualify for the program. Docket 1 at 5; Docket 1-1 at 1, 7. Hilston filed a grievance with the Minnehaha County Jail stating that he did not understand why another prisoner with whom he was living and eating and who was serving a sentence for the same crime could be eligible for the early release programs simply by virtue of that prisoner's sentencing county. *See* Docket 1-1 at 1-7. Hilston was continuously told that out-of-county inmates are not eligible for sentence reductions or sentence reduction programs unless authorized by the sentencing county or judge, and Lincoln County does not authorize the day-for-day program. *Id.*

Thereafter, Hilston filed this action against the Lincoln County circuit judges and the Lincoln County Sheriff. Docket 1 at 2. Hilston seeks monetary damages for the wages he would have earned if he had been released 45 days earlier and for pain and suffering. *Id.* at 4.

### B. Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil

rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554-63)).

8

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Hilston's complaint under 28 U.S.C. § 1915A.

## C. Legal Analysis

### 1. Lincoln County Circuit Court Judges

Hilston brings claims against the Lincoln County circuit court judges in their official capacities. *See* Docket 1 at 2. These defendants are employees of the State of South Dakota. *See id.*; *Gomez v. Elk Point Union Cnty.*, 2025 WL 775832, at *6 (D.S.D. Mar. 11, 2025) (recognizing county circuit court judges are employees of the State of South Dakota).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Id.* at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* Here, Hilston only requests money damages. Docket 1 at 4. The State of South Dakota has not waived its sovereign immunity. Thus, Hilston's claims against

the Lincoln County circuit court judges in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 2. Lincoln County Sheriff

Hilston also names the Lincoln County Sheriff in his official capacity as a defendant in this action. Docket 1 at 2. Suits against actors in in their official capacity are merely "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (citation omitted). Thus, Hilston's claim against the Lincoln County Sheriff is tantamount to a claim against Lincoln County itself. *Alexander v. Hedback,* 718 F.3d 762, 766 (8th Cir. 2013).

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A county government may be sued only when a plaintiff's rights were violated pursuant to a county-wide "policy or custom." *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 363 (8th Cir. 2023); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

Hilston alleges that Lincoln County has a policy or custom of not allowing prisoners to participate in the day-for-day program, while other prisoners are permitted to participate and leave custody early. *See* Docket 1 at 5. But even if Lincoln County does have such a policy or custom in place, at

10

its heart, a *Monell* claim requires an underlying constitutional violation. *Mitchell v. Kirchmeier*, 28 F.4th 888, 902 (8th Cir. 2022). Here, Hilston does not cite any specific constitutional right or provision. *See* Docket 1. Instead, he generally asserts that his claim is founded on unconstitutional discrimination. *Id.* at 3.

Hilston's claim most closely resembles an equal protection claim. *See Erickson*, 551 U.S. at 94 (stating that courts should liberally construe pro se filings). The Fourteenth Amendment equal protection clause requires the government to "treat similarly situated people alike." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d at 984 (quoting *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999)). Generally, for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly-situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (citations and internal quotation omitted). Hilston has not alleged that he is a member of a suspect class. *See* Docket 1; *see also Murray v. Dosal,* 150 F.3d 814, 818 (8th Cir. 1998) (stating that prisoners are not a suspect class). And the only "right" that Hilston alleges has been violated is the right to participate in the day-for-day early release program. Docket 1 at 5. But there is no fundamental right to parole or early release from a term of imprisonment. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

Hilston has similarly failed to plead a class-of-one equal protection claim. To pursue a class-of-one equal protection claim, a plaintiff "alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Robbins v. Becker*, 794 F.3d 988, 995 (8th Cir. 2015) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). Hilston alleges that he was treated differently from similarly situated inmates. Specifically, Hilston notes that he sleeps next to and eats with prisoners serving the same sentence for the same crime, but the other prisoners, simply by virtue of being sentenced in Minnehaha County, could participate in the day-for-day program, while Hilston could not.

But the crux of Hilston's claim is that he has not alleged that *Lincoln County* has treated him any differently than similarly situated individuals—that is, other people sentenced by Lincoln County judges. In fact, by all accounts, *all* of the prisoners sentenced by Lincoln County judges are barred from participation in the day-for-day program. *See* Docket 1-1 at 1 (Minnehaha County Sheriff explaining he had spoken with the Lincoln County Sheriff who confirmed that "Lincoln County inmates do not qualify for [the day-for-day] program."). Instead, to the extent that Hilston has alleged divergent treatment with regard to the day-for-day program, Hilston only argues that Minnehaha County Jail officials treat Lincoln County prisoners differently than Minnehaha County prisoners. Thus, it is Minnehaha County that is treating Hilston

differently, not Lincoln County, and Hilston has not brought this action against Minnehaha County.

In short, Hilston has failed to plead facts to show Lincoln County has treated him differently than other similarly situated individuals and "[a]bsent this threshold showing, [Hilston] does not have a viable equal protection claim." *Mitchell v. Kirchmeier*, 28 F.4th 888, 902 (8th Cir. 2022) (quoting *Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 959-60 (8th Cir. 2019)). As such, Hilston's claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## CONCLUSION

Based on the foregoing, it is

ORDERED:

1.  That Hilston's motion for leave to proceed in forma pauperis (Docket 3) is granted. And the Clerk of Court will send a copy of this order to the appropriate financial official at Hilston's institution.

2.  That Hilston's claims against the Lincoln County circuit court judges and the Lincoln County Sheriff are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2).

Dated April 8, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE